UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ARNULFO REYES, Individually; FEDERICO TORRES, JR., Individually and as Wrongful Death Beneficiary of R.T., deceased minor; AZENETH RODRIGUEZ, Individually and as Next Friend of J.A.C., a minor; SERGIO GARCIA, Individually and as Wrongful Death Beneficiary of U.S.G., deceased minor; ALFRED GARZA, III, Individually and as Wrongful Death Beneficiary of A.J.G., deceased minor; BRIANA RUIZ Individually and as Next Friend of D.G., III, a minor; MARIO JIMENEZ, JR., Individually and as Next Friend of M.J., III, a minor; ROSE MARY MORENO, Individually and as Next Friend of N.M., a minor; PRISCILLA RUBIO and JULIO RUBIO, Individually and As Next Friends of M.R., a minor; MONICA ARRIOLA Individually and as Next Friend of J.T., Jr., a minor; CHRISTOPHER SALINAS Individually and as Next Friend of S.N.S., a minor,<br>    *Plaintiffs*<br><br>v.<br><br>JUAN MALDONADO, an individual; CRIMSON ELIZONDO, an individual; RICHARD BOGDANSKI, an individual; LUKE WILLIAMS, an individual; CHRISTOPHER KINDELL, an individual; JOEL BETANCOURT, an individual; VICTOR ESCALON, an individual; TEXAS DEPARTMENT OF PUBLIC SAFETY DOES 1 through 84; UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; MANDY GUTIERREZ, an individual; PEDRO "PETE" ARREDONDO, an individual; ADRIAN GONZALES, an individual; JESUS "J.J." SUAREZ, an individual; And MOTOROLA SOLUTIONS, INC.<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §    C.A. No. 2:24-cv-00052 |

## **DEFENDANT JESUS "J.J." SUAREZ'S MOTION TO DISMISS PLAINTIFFS' AMENDED ORIGINAL COMPLAINT**

Defendant Jesus "J.J." Suarez moves to dismiss Plaintiffs' Amended Original Complaint pursuant to Rules 12(b)(1) and 12(b)(6), as follows:

## **NATURE AND STAGE OF PROCEEDINGS**

Plaintiffs Arnulfo Reyes, Federico Torres, Jr., Azeneth Rodriquez, Individually and as Next Friend of J.A.C., a minor, Sergio Garcia, Alfred Garza, III, Briana Ruiz, Individually and as Next Friend of D.G., III, a minor, Mario Jimenez, Jr., Individually and as Next Friend of J.J., III, a minor, Rose Mary Moreno, Individually and as Next Friend of N.M., a minor, Priscilla Rubio and Julio Rubio, Individually and as Next Friends of M.R., a minor, Monica Arriola, Individually and as Next Friend of J.T., Jr., ad minor, and Christopher Salinas, Individually and as Next Friend of S.N.S., a minor (collectively, "Plaintiffs") have sued various entities, individuals, and police officers—including J.J. Suarez—for the tragic events that unfolded at Robb Elementary School on May 24, 2022. Plaintiffs generally allege, without any underlying factual support, that Suarez violated their rights secured by the Fourth and Fourteenth Amendments. Suarez now moves to dismiss all claims with prejudice because Plaintiffs' claims are barred by qualified immunity, and Plaintiffs have not otherwise stated a claim upon which relief can be granted. Suarez also moves to dismiss certain individual claims asserted by parents and family members because those Plaintiffs lack standing to assert them.

## **STANDARD OF REVIEW**

To survive Rule 12(b)(1), the party asserting jurisdiction bears the burden of proof on the issue. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001). If the Rule 12 (b)(1) motion is filed with other motions, it should be decided first. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The claim should be dismissed if the Court does not have the power to adjudicate the case. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

Dismissal of a lawsuit on the pleadings is proper under Rule 12(b)(6) where there is either (i) a lack of a cognizable theory of recovery, or (ii) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Phrased differently, a claim may be dismissed if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). While a court will accept a plaintiff's factual allegations as true, the factual allegations must exist; "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id.* (citations omitted).

Although a court must accept well-pleaded facts as true, neither conclusory allegations nor "legal conclusions masquerading as factual conclusions" are entitled to a presumption of truth. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *see also Iqbal*, 556 U.S. at 678–79, 681. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### **RELEVANT FACTUAL ALLEGATIONS AGAINST DEFENDANT SUAREZ**

J.J. Suarez is one of the many members of law enforcement who responded to Robb

Elementary School on May 24, 2022. The **only** time Suarez is individually referenced in the Amended Complaint is when Plaintiffs allege he entered the West building at Robb Elementary School at approximately 11:41 a.m. *See* Dkt. No. 4 at ¶ 4.14. Otherwise, Plaintiffs group Suarez with the other police officers referred to as "UCISD-PD Defendants." Plaintiffs generally allege that when UCISD-PD Defendants arrived on scene, they confined the Shooter, three teachers, and thirty students to Classrooms 111 and 112. *Id.* at ¶ 6.5. Plaintiffs also allege that UCISD-PD Defendants used "force and authority to involuntarily confine students and teachers inside Classrooms 111 and 112 with the Shooter." *Id.* at ¶ 8.2. In addition, Plaintiffs vaguely allege that the UCISD-PD Defendants knew about the dangerous situation and parents' inability to reach their children.

## ARGUMENT AND AUTHORITIES

**A.    The Court Lacks Subject Matter Jurisdiction Over Individual Claims of Parents and Family Members Because They Lack Standing.**

"Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990). In order to establish standing, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.* 528 U.S. 167, 180-81 (2000). "The injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.1 (1992).

Plaintiffs Torres, Rodriquez, Garcia, Garza, Ruiz, Jimenez, Moreno, Rubio, Arriola, and Salinas lack individual standing to assert constitutional claims under 42 U.S.C. § 1983 because their claims are predicated on allegations that Suarez violated the constitutional rights of others—not their own personal constitutional rights. *See generally* Dkt. No. 4. Parents and grandparents of victims simply

cannot bring individual claims based on alleged constitutional violations or deprivations of their child's or grandchild's rights. *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986)*; see also Landry v. Cypress Fairbanks Indep. Sch. Dist.*, 2018 WL 3436971, at *3-4 (S.D. Tex. July 17, 2018) (finding mother lacked standing to bring her own First, Fifth, and Fourteenth Amendment claims, based on the denial of her daughter's constitutional rights, stating "courts have found that injuries to a parent resulting from violations of her child's constitutional rights are not sufficiently personal for the purposes of the parent's individual standing."). Accordingly, the claims asserted by Torres, Rodriquez, Garcia, Garza, Ruiz, Jimenez, Moreno, Rubio, Arriola, and Salinas in their individual capacities should be dismissed with prejudice based on a lack of subject matter jurisdiction.

**B.    Plaintiffs' Claims are Barred by Qualified Immunity.**

Individual defendants sued for constitutional violations under Section 1983 may invoke the defense of qualified immunity. Public servants are immune from suit unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Immunity protects public officials from the disruption and costs associated with litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiffs may not engage in discovery until they have supported their constitutional claims with sufficient facts that, if true, would overcome the immunity defense. *See Iqbal*, 556 U.S. at 685-86; *Zapata v. Melton*, 750 F.3d 481, 485-86 (5th Cir. 2014); *Winstead v. Box*, 419 F. App'x 468, 469 (5th Cir. 2011) (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).

The availability of qualified immunity is a question of law. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991). Courts must determine (i) whether the plaintiffs have described a violation of a constitutional right; and (ii) whether the right was "clearly established" at the time of the official's conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts may decide which prong to address first

based on the circumstances of the case. *Id.* at 225. Under the first prong a court must decide "whether the plaintiff[s] ha[ve] alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008) (citations omitted). The second prong requires a court to determine whether the right was clearly established at the time of the incident. *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (5th Cir. 1998). If so, the court must evaluate whether the conduct of the official was objectively unreasonable under clearly established law. *Id.*; *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008).

Plaintiffs bear the burden to show the official violated clearly established law. *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017); *Kovacic v. Villareal*, 628 F.3d 209, 212 (5th Cir. 2010), *cert. denied*, 564 U.S. 1004 (2011). Plaintiffs must identify the violation of a "particularized" right so that it is apparent to the official that his actions are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Further, plaintiffs must show that the "contours" of the right were "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Alexander v. Eeds*, 392 F.3d 138, 146-47 (5th Cir. 2004) (citations and internal quotation marks omitted). In addition, "[t]he defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution . . . as alleged by the plaintiff." *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis in original). If "officers of reasonable competence could disagree on the issue, immunity should be recognized." *Hope v. Pelzer*, 536 U.S. 730, 752 (2002). The reasonableness of an official's actions is based on the information available to the official at the time of the event. *Morgan v. Swanson*, 755 F.3d 757, 760 (5th Cir. 2014).

Plaintiffs must also allege with specificity how the defendant violated the particularized right. *Kovacic*, 628 F.3d at 212; *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994). Moreover, where multiple defendants are alleged to have committed constitutional violations, the plaintiff must allege with specificity what *each* defendant did to commit those violations, and the court should analyze *each* claim

of qualified immunity separately. *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994); *see also Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 731 (5th Cir. 2018) ("In cases where the defendants have not acted in unison, qualified immunity claims should be addressed separately for each individual defendant.") (internal citations and quotations omitted). Because vicarious liability or *respondent superior* liability is impermissible under Section 1983, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (to state a personal-capacity claim under Section 1983, a plaintiff must allege that the individual defendant was personally involved in the constitutional deprivation, or that their wrongful actions were causally connected to such a deprivation).

Finally, once a defendant asserts qualified immunity, plaintiffs must respond with specificity and "fairly engage" the immunity defense. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The standard requires more than conclusory assertions. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### 1. *Suarez is entitled to qualified immunity against Plaintiffs' Fourth Amendment claims.*

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' [T]he 'seizure' of a 'person,' which can take the form of 'physical force,' or a 'show of authority' that 'in some way restrain[s] the liberty' of the person." *Torres v. Madrid*, 592, U.S., 306, 307 (2021) (quoting *Terry* v. *Ohio*, 392 U.S. 1, 19, n. 16 (1968)). "At the adoption of the Fourth Amendment, a 'seizure' was the 'act of taking by warrant' or 'of laying hold on suddenly.'" *Torres*, 592, U.S. at 312 (citation omitted). "A seizure requires the use of force *with an intent to restrain*. Accidental force will not qualify. Nor will force intentionally applied for some other purpose satisfy the rule." *Id.* at 311 (emphasis in original) (citation omitted). "[T]he appropriate inquiry is whether the challenged conduct *objectively* manifests an intent to

restrain….” *Id.* (emphasis in original). "Nor does the seizure depend on the subjective perceptions of the seized person." *Id.* at 318.

In support of their Fourth Amendment claim, Plaintiffs generally allege that law enforcement officers "seized" students and teachers. Dkt. No. 4 at ¶ 8.2. But Plaintiffs do not specifically allege any action or inaction of Suarez that would support their claim that Suarez violated their Fourth Amendment rights. At most, Plaintiffs allege that Suarez arrived on the scene at approximately 11:41 a.m. Dkt. No 4 at ¶ 4.14. This one allegation does not remotely suggest that Suarez seized Plaintiffs. And even if it did, Plaintiffs still have not alleged any facts suggesting that Suarez's alleged actions were objectively unreasonable. Qualified immunity is overcome only if, at the time and under the circumstances of the challenged conduct, *all* reasonable officers would have realized the conduct was prohibited by the federal law on which the suit is founded. *Dudley v. Angel,* 209 F.3d 460-462 (5th Cir. 2000). Accordingly, Suarez is entitled to qualified immunity if reasonable officers could differ on the lawfulness of his actions.

Regardless, because Plaintiffs do not directly allege that Suarez did anything to "seize" the Plaintiffs, and instead merely allege that he was one of multiple officers who were at the school during the active shooter event, Plaintiffs have failed to state a claim under the Fourth Amendment, and have also failed to overcome Suarez's entitlement to governmental immunity. *Babb*, 33 F.3d at 479; *Darden*, 880 F.3d at 731. Plaintiffs' Fourth Amendment claims against Suarez should be dismissed with prejudice.

### 2. *Suarez is entitled to qualified immunity against Plaintiffs' Fourteenth Amendment special relationship theory of liability.*

The special relationship theory of liability under the Fourteenth Amendment only applies in very limited circumstances: where the "state, by affirmative exercise of power, has custody over an individual involuntarily or against his will." *Walton v. Alexander,* 44 F.3d 1297, 1301 (5th Cir. 1995). This theory of liability was examined by the Supreme Court in *DeShaney v. Winnebago County Dept. of*

*Social Servs.,* 489 U.S. 189, 196 (1989). In *DeShaney,* the Court held that "in the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf- through incarceration, institutionalization, or other similar restraint of personal liberty- which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect the interests against harms inflicted by other means." *DeShaney,* 489 U.S. at 200.

However, the Fifth Circuit has categorically rejected the special relationship theory in the public-school context:

> a public school does not have a *DeShaney* special relationship with its students requiring the school to ensure the students' safety from private actors. Public schools do not take students into custody and hold them there against their will in the same way that a state takes prisoners, involuntarily committed mental *858 health patients, and foster children into its custody. Without a special relationship, a public school has no *constitutional* duty to ensure that its students are safe from private violence.

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 857–58 (5th Cir. 2012) (internal citations omitted). And courts continue to affirm that no special relationship exists in the school context. *Estate of Causey v. Miles*, No. 3:15-CV-00914-N, 2015 WL 13742550, at *5 (N.D. Tex. Nov. 19, 2015); *Estate of Montana Lance v. Lewisville Indep. Sch. Dist.*, No. 4:11-CV-00032, 2012 WL 12875690, at *5 (E.D. Tex. May 11, 2012), *aff'd*, 743 F.3d 982 (5th Cir. 2014); *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681 (5th Cir. 2017). *See also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 526 (5th Cir. 1994) (no special relationship liability arising from shooting in school parking lot after school sponsored dance); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198 (5th Cir. 1995) (no special relationship liability arising from sexual molestation at boarding school for the deaf); *Doe v. Sabine Parish Sch. Board*, 24 F.3d 655 (5th Cir. 1998) (no special relationship liability arising from sexual abuse and batter of kindergarten student by classmates during school); and *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004) (no special relationship liability arising from serious eye injury resulting from racially motivated attack during football practice).

Accordingly, Suarez could not have had a "special relationship" with the Plaintiffs as a matter of law, and he did not have a constitutional duty to protect the Plaintiffs from harm inflicted by a private actor. *DeShaney*, 489 U.S. 189 at 202. And, because the special relationship theory does not create a right that is clearly established in the Fifth Circuit, Plaintiffs cannot overcome Suarez's entitlement to qualified immunity. Plaintiffs' claims should be dismissed. *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 534 F. Supp. 3d 682, 691 (N.D. Tex. 2021); *Doe ex rel. Magee*, 675 F.3d at 856.

### 3. *Suarez is entitled to qualified immunity against Plaintiffs' Fourteenth Amendment state-created danger theory of liability.*

The Fifth Circuit has repeatedly declined to recognize the "state-created danger" theory of liability in *any* context. *Fisher v. Moore*, 73 F.4th 367, 372 (5th Cir. 2023) (In our published, and thus binding, caselaw, "[w]e have repeatedly declined to recognize the state-created danger doctrine.") (collecting cases); *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001-2 (5th Cir. 2014); *Covington Cnty. Sch. Dist.*, 675 F.3d at 864, 865 (the Fifth Circuit has "never explicitly adopted the state-created danger theory" and "decline[d] to use th[e] *en banc* opportunity to adopt the state created danger theory in this case"); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 422-23 (5th Cir. 2006) ("neither the Supreme Court nor this court has ever either adopted the state-created danger theory or sustained a recovery on the basis thereof"); s*ee also Buston v. Martini Club*, 599 F.3d 458, 466 (5th Cir. 2010) (theory not adopted by Fifth Circuit); *Luevano v. County of Uvalde, Tex.*, 355 F. App'x 834, 836 (5th Cir. 2009) (same); *Hale v. Bexar County*, 342 F. App'x 921 (5th Cir. July 27, 2009) ("[t]his Circuit has never expressly accepted the state-created danger'"); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 249 (5th Cir. 2003) (declining to recognize state-created danger theory).

Because a "a *never*-established right cannot be a *clearly* established one," Suarez is entitled to qualified immunity against Plaintiffs' Fourteenth Amendment state-created danger theory of liability. *Fisher*, 73 F.4th at 369 (emphasis in original).

But even if the "state-created danger" theory were recognized by the Fifth Circuit, Plaintiffs do not plead facts that would state a claim under the "state-created danger" theory. To maintain a claim pursuant to a "state-created danger" theory, a plaintiff must show that (1) the defendant used its authority to create a dangerous environment for the plaintiff, and (2) the defendant acted with deliberate indifference toward the plaintiff. *Covington Cnty. Sch. Dist.*, 675 F.3d at 865 (quoting *Rios*, 444 F.3d at 424) (the "state-created danger theory is inapposite without a known victim"); *see also Breen v. Texas A&M Univ.*, 485 F.3d 325, 335 (5th Cir. 2007). To establish deliberate indifference for purposes of state-created danger, the plaintiff must show that "[t]he environment created by the state actors must be dangerous; they must know it is dangerous; and . . . they must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur." *Covington Cnty. Sch. Dist.*, 675 F.3d at 865 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 585 (5th Cir. 2001)) (citation and internal quotation marks omitted).

Moreover, Courts have routinely dismissed "state-created danger" claims when the plaintiffs' complaint demonstrated that the state actors did not create the danger by some affirmative act. *DeShaney*, 489 U.S. at 203 (although Department received numerous warnings that boy was being abused by his father, Department did not create dangers boy faced); *see also Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198 (5th Cir. 1994) (affirming dismissal of plaintiff's complaint on Rule 12(b)(6) grounds when student was shot and killed on school premises on day where metal detectors were not utilized and no one checked school identification badges of individuals entering premises); *Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) (finding that Sheriff's dismissal of hostage negotiation personnel and other law enforcement officials did not create or make victim more vulnerable to danger that assailant would kill hostage). The state-created danger exception "simply is not implicated by the failure of state actors to protect individuals from [even] known and serious risks of harm." *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 767 (N.D. Tex. 2008).

Furthermore, a plaintiff cannot maintain a claim based upon the state-created danger theory unless the plaintiff shows the entity's specific knowledge of immediate harm to a *known* victim. *Sanez v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999); *see also Doe ex rel. Magee*, 675 F.3d at 866 (finding that the plaintiffs' allegations did not support a claim under the state-created danger theory, even though the school released Jane Doe to a sexual predator on multiple occasions as a result of a knowingly, flawed student check-out policy, because plaintiffs did not allege that the school knew about an immediate danger to *Jane Doe's* safety); *Estate of C.A. v. Castro*, 547 F. App'x. 621, 627 (5th Cir. 2013) ("Even assuming that the district's customs and policies created a dangerous environment that would not otherwise existed and to which it was deliberately indifferent, it cannot be said that HISD was deliberately indifferent with respect to 'a known victim.' As the district court held, '[t]he record shows that the plaintiff cannot show a basis to support the inference that HISD knowingly created a risk that C.A. would drown, as opposed to creating a *general risk* for students who could not swim or could not swim well.'"); *Dixon v. Alcorn County School District*, 499 F. App'x. 364 (2012)("Sad as the facts of this case may be, the record makes clear that [R.C.] was merely one student among many who faced a generalized risk resulting from the school's attempt to integrate a mentally disabled child into a normal school environment. As our cases illustrate, the state-created danger theory requires a *known victim*, and the fact that a school's policy or procedure presents a risk of harm to students in general is inadequate to satisfy this requirement.").

Here, Plaintiffs do not and cannot allege that the actions of Suarez created an opportunity that did not already exist due to the actions of the third-party (shooter). Plaintiffs also do not allege facts that suggest Suarez affirmatively placed any of the Plaintiffs in danger. And Plaintiffs especially cannot claim to be "known victims" since they do not allege that Suarez had reason to believe that they individually were in danger (as opposed to the general school population). Therefore, not only Suarez is entitled to qualified immunity because the right to be free from state created danger is not a clearly

established right, but Plaintiffs have failed to state a Section 1983 claim under the state-created danger theory of liability.

## CONCLUSION

Defendant Jesus "J. J." Suarez prays that the court grant his motion to dismiss Plaintiffs' claims against him for lack of jurisdiction under Federal Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule 12(b)(6), that the court recognize that Suarez is entitled to qualified immunity from Plaintiffs' claims, and that all of Plaintiffs' causes of action against Defendant Suarez be dismissed with prejudice. Defendant Suarez further prays that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied, and that Defendant recover all costs of suit, as well as for other and further relief, general or special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

*/s/ James E. Byrom*
**JAMES E. BYROM**
State Bar No. 03568100
jbyrom@thompsonhorton.com
**ALEXA T. GOULD**
State Bar No. 24109940
agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
(713) 333-6144 – Telephone

**ATTORNEYS FOR J. J. SUAREZ**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure via the Court's electronic filing system on this 21st day of June, 2024.

*/s/ James E. Byrom*
James E. Byrom

4876-5412-1930, v. 1