**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| ARNULFO REYES, Individually; et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 2:24-cv-00052-AM |
| JUAN MALDONADO, an individual; et al., | § § | |
| Defendants. | § § § § | |

**DEFENDANT MOTOROLA SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Dated: June 5, 2026

JONES DAY

By: */s/ Peter D. Laun*
    Peter D. Laun, Bar No. 24108952
    pdlaun@jonesday.com
    Joseph C. Van Asten, Bar No. 24075598
    jcvanasten@jonesday.com
    Tatum Lowe Kowalski, Bar No. 24131471
    tkowalski@jonesday.com
    Jonathan M. Khouzam, Bar No. 24149129
    jkhouzam@jonesday.com

2727 North Harwood Street
Dallas, TX 75201.1515
Telephone:    +1.214.220.3939
Facsimile:    +1.214.969.5100

Attorneys for Defendant
Motorola Solutions, Inc.

Plaintiffs' Opposition[1] (ECF No. 52) confirms precisely the problem Defendant Motorola identified in its Motion:  after nearly two years of litigation, Plaintiffs still do not have sufficient evidence to support any element of their product liability claims against Motorola.  Rather than produce evidence creating a genuine dispute of material fact—as is their burden—Plaintiffs ask this Court to indefinitely delay resolution while they hope future discovery may someday yield evidence they have made no effort to obtain.  The law does not permit this result.

## I.    PLAINTIFFS FAIL TO RAISE A GENUINE DISPUTE OF MATERIAL FACT.

### A.    Motorola's Motion Is Proper Under Rule 56 and Plaintiffs Cannot Shift Their Burden to Motorola.

Plaintiffs argue that Motorola has improperly filed a "no evidence" motion for summary judgment not recognized in federal court, but Plaintiffs mischaracterize Motorola's Motion and misread the governing legal standard.[2]  Motorola did not file a "no evidence" motion under Texas Rule of Civil Procedure 166a(i).  It filed a traditional summary judgment motion under FRCP 56, pointing to Plaintiffs' failure to present sufficient evidence on elements essential to their case— elements on which Plaintiffs bear the burden of proof.  This is precisely the motion the Supreme Court authorized in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Under *Celotex*, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party *who fails to make a showing sufficient to establish the existence of an element essential to that party's case*, and on which that party will bear the burden of proof at trial."  *Id.*

---

[1] Plaintiffs' Opposition violates Rule CV-7(d)(3), which limits response briefs to 20 pages. Plaintiffs' Opposition is at least 21 pages, exclusive of the caption, signature block, any certificates, and exhibits.

[2] Plaintiffs have cherry-picked quotes from their cited authority to support their Texas Rule of Civil Procedure 166a(i) "no evidence" motion argument.  However, the cases cited by Plaintiffs expressly acknowledge that a movant is entitled to summary judgment if they can show an absence of record evidence.  *See Bank of Am., N.A. v. Fulcrum Enters., LLC*, 20 F. Supp. 3d 594, 602–03 (S.D. Tex. 2014); *Creekwood Real Estate, LLC v. Mount Vernon Fire Ins. Co.*, 2023 WL 4938086, at *2 (N.D. Tex. June 14, 2023); *Jimenez v. Eagle Pass Indep. Sch. Dist.*, 2024 WL 629402, at *1 (W.D. Tex. Feb. 14, 2024).

at 322 (emphasis added).  The movant "need only point out the absence of evidence supporting the nonmoving party's case" and "need not produce evidence negating the existence of a material fact." *Latimer v. Smithkline & French Lab'ys*, 919 F.2d 301, 303 (5th Cir. 1990).

Motorola has satisfied this burden, and more.  It identified each element of Plaintiffs' claims, pointed to the absence of supporting evidence, and provided affirmative evidence—the declarations of Messrs. Cassard and Anderson—demonstrating that the radio system performed as designed and that any coverage limitations resulted from known budgetary and geographic constraints.  The burden then shifted to Plaintiffs "to go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue at trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e) (1986) (amended 2010)).  This burden is not satisfied by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), by "conclusory allegations," by "unsubstantiated assertions," or by only a "a scintilla of evidence," *Bank of Am.*, 20 F. Supp. 3d at 603.

Plaintiffs have failed to meet their burden on every element of their claims.  They do not have sufficient expert testimony identifying a specific defect—a threshold requirement under Texas product liability law.  *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42–43 (Tex. 2007).  They do not have sufficient evidence to demonstrate that any defect existed when the radio system left Motorola's hands.  And, most critically, they do not have sufficient evidence to establish causation.  *See Ledesma*, 242 S.W.3d at 46 (requiring plaintiffs to show that an alleged defect was "a substantial cause of the event in issue" and "a but-for cause, namely one without which the event would not have occurred").  Instead, Plaintiffs offer only the conclusory assertion that radio communications were at times difficult inside Robb Elementary—a fact fully explained by undisputed evidence that MRGDC did not request, or have the funds for, a system designed for in-

building coverage—and then leap to the unsupported conclusion that this difficulty constitutes a "defect" that "caused" their injuries.[3]  Even if Plaintiffs' conclusions were somehow supported by sufficient evidence, Plaintiffs' contention that Motorola is liable for a radio system that performed exactly as MRGDC specified and expected is not a viable claim as a matter of law.  *See Molina v. Kelco Tool & Die, Inc.*, 904 S.W.2d 857, 861 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("A component part manufacturer that supplies a product in accordance with a purchaser's specifications is free from strict liability if the component part itself is not defective.").

Rather than satisfy ***their*** burden, Plaintiffs attempt to shift their burden to ***Motorola***, faulting Motorola for not engaging in discovery that Plaintiffs did not request, not initiating a Rule 26(f) conference, and not otherwise prodding Plaintiffs to prosecute their case.  Motorola has no such burden—it rests solely with Plaintiffs.  Indeed,  the Fifth Circuit has expressly acknowledged that "Rule 56 does not require that ***any*** discovery take place before summary judgment can be granted."  *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 755–56 (5th Cir. 2005) (emphasis added) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).  More specifically, the Fifth Circuit has affirmed summary judgment where no discovery was conducted ***and*** no Rule 26(f) conference was held.  *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).  Thus, Plaintiffs' complaints about what Motorola supposedly failed to do are simply irrelevant.[4]  Motorola bears no responsibility to make Plaintiffs take discovery, and it has no obligation to help Plaintiffs develop evidence to support their claims.  Plaintiffs alone bear the burden to come

---

[3] Plaintiffs' argument suggests that Motorola should be responsible for providing MRGDC with a radio system that it both could not afford and did not request.  Plaintiffs, unsurprisingly, provide no authority to support this absurd proposition.

[4] Even if Plaintiffs' complaints were relevant (and they are not), Motorola is not responsible for making Plaintiffs serve discovery and is under no obligation to prove Plaintiffs' case.  Nor must Motorola alone initiate a Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(f)(2) (stating that parties jointly share responsibility for arranging the conference).

forward with evidence supporting their claims, which they have not done.

**B.      Plaintiffs' Response Is Devoid of Competent Summary Judgment Evidence.**

Plaintiffs' Opposition is also remarkable for what it lacks:  competent summary judgment evidence.  Rather than attach admissible evidence sufficient to create a genuine dispute of material fact, Plaintiffs rely entirely on unsworn, out-of-court statements in after-action reports and press materials—textbook hearsay that is categorically inadmissible to oppose summary judgment.  *See* Fed. R. Civ. P. 56(c)(4) (requiring that supporting materials "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 218 (5th Cir. 2024) ("Hearsay is not competent summary judgment evidence.").

Even setting aside these insurmountable evidentiary deficiencies, Plaintiffs consistently and materially overstate what their (hearsay) sources actually say.  Plaintiffs claim that after-action reports establish a "defect" and attribute communication failures to the "Motorola System." However, none of those sources identifies a defect in Motorola's radio equipment.  Indeed, the conclusions of several of the reports that Plaintiffs cite do ***not*** even mention Motorola's radio system, let alone claim that it was defective, but rather focus on the catastrophic decision-making by law enforcement.[5]  *See* ECF No. 52-5, 52-6, 52-8.[6]  At no point do any of Plaintiffs' sources state that (1) a defect existed in Motorola's radio equipment; or (2) any such defect caused Plaintiffs' injuries.  To the contrary, the cited sources are replete with instances of ***successful*** radio

---

[5] Motorola also notes that Plaintiffs provided only cherry-picked excerpts of these hearsay reports to the Court. At the Court's request, Motorola can submit full versions for the Court's review.

[6] Plaintiffs also cite Motorola's website in a last ditch attempt to create a fact issue. However, the source is discussing Distributed Antenna Systems (DAS), a product used to amplify and distribute a radio signal throughout a building.  *See* ECF No. 52-16.  Plaintiffs have presented no evidence that MRGDC had a DAS and it failed to operate as advertised.  Rather, as explained by Forrest Anderson in his affidavit, MRGDC purchased equipment with the goal of reaching more remote, rural areas, not to provide in-building coverage.  *See* ECF No. 49-1, Exhibit 2 at ¶ 11.

communications during the Incident.[7]  At most, the sources describe known limitations of in-building radio coverage and terrible operational decisions by law enforcement—neither of which constitutes evidence of a product defect attributable to Motorola.  At no point in the sources cited by Plaintiffs is there a conclusion that defective radios or system components caused the tragedy that day.   Rather, when read in totality (and not through Plaintiffs' cherry-picked and mischaracterized quotes), Plaintiffs' sources reach very different conclusions, including that "'Law Enforcement responders should be familiar with their regional communications plan but also be prepared to respond effectively without reliable radio communications.'"  *See* ECF No. 52-8 at 7 (quoting ALERRT, Active Shooter Response – Level 1 (version 7.2, 2020)).  This disconnect between what Plaintiffs claim and what their "evidence" actually shows further supports summary judgment.

## II.      *CARSWELL* DOES NOT PRECLUDE SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS AGAINST MOTOROLA.

In a further attempt to survive summary judgment, Plaintiffs claim that their lack of evidence is excused because *Carswell* bars all discovery.  This argument fails for several independent reasons.

*First,* Plaintiffs' Opposition rests on a factually incorrect premise—that a discovery stay is in effect.  It is not.  In *every* case Plaintiffs cite, the court actually granted a stay.  *See Nevarez v. Coleman*, No. 21-1855, 2023 WL 5034645, at *4 (E.D. La. Aug. 8, 2023); *T.L. v. New Caney Indep. Sch. Dist.*, No. H-24-1435, 2024 WL 4028726, at *1 (S.D. Tex. Sept. 3, 2024) ; *Varnado v. Carboni*, No. 24-133-SSD-RLB, 2024 WL 4314794, at *3 (M.D. La. Sept. 26, 2024) ; *Citcheu v.*

---

[7] See ECF No. 52-5 (listing some, but not all, of the successful radio communications that occurred during the Incident); 52-6 (citing multiple successful radio communications from the Incident);  52-10 (same); 52-12 (stating that inaccurate information was being transmitted over the radio); 52-14 (referencing successful radio communications during the Incident); 52-15 (same).

*Travis County*, No. 1:25-CV-01442-DAE, 2026 WL 1045931, at *2 (W.D. Tex. Apr. 16, 2026) ;

*Ricks v. Khan*, No. H-19-cv-587, 2026 WL 124864, at *2 (S.D. Tex. Jan. 16, 2026).  But that never

happened here.[8]  The Court has not entered an order staying discovery as to any party.  Plaintiffs

cannot retroactively conjure up a discovery stay that did not exist to excuse their lack of sufficient

evidence.

**Second,** even if a discovery stay had existed, it would not extend to Motorola since

*Carswell* does not require a blanket stay of discovery as to **all** defendants.  *Carswell* and *Iqbal* are

fundamentally concerned with one thing: protecting government officials asserting qualified

immunity ("QI") from the litigation burdens.  *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir.

2022) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); *Ashcroft v. Iqbal*, 556 U.S.

662, 685 (2009).  Motorola is not a government official.  It does not, and cannot, assert QI.

*Carswell* and *Iqbal* were never designed to shield private corporations from their litigation

obligations.  *Carswell* and *Iqbal* did not address, much less decide, whether discovery must be

stayed against a private defendant (facing entirely different legal theories) who cannot assert QI.

Plaintiffs' authorities do not hold otherwise.  The cases Plaintiffs cite for a blanket

discovery stay against **all** defendants all involved either (1) specific claims against government

entities closely intertwined with claims against QI defendants, or (2) claims where the court found

that discovery against the non-QI defendant would necessarily burden the QI-asserting defendants.

None involved staying discovery against a private party, like Motorola, which faces claims that

are legally and factually distinct from the claims asserted against the law enforcement defendants.

---

[8] Plaintiffs fault Motorola for not responding to the other defendants' (UCISD and Arredondo) requests to stay discovery.  *See* ECF No. 52 at 19.  This fault is entirely misplaced. Those defendants requested stays in their motions to dismiss, pleadings that contained entirely different claims than Motorola is facing.  Motorola was a mere observer of the motions to dismiss and briefing between Plaintiffs and those defendants.  The claims have nothing to do with Motorola and Motorola had no responsibility to unilaterally insert itself into those motions.

Indeed, courts in this Circuit have expressly permitted discovery against non-QI defendants while a stay is in effect as to QI-asserting defendants. In *Belknap v. Leon County*, No. 6:22-CV-001028-ADA-JCM, 2022 WL 22834109 (W.D. Tex. Dec. 15, 2022), a decision issued shortly after *Carswell*, the court denied the requested stay as to two different defendants (a private corporation and a private individual), because they "did not join in the Motion to Stay and did not join in the immunity-asserting defendants' motion to dismiss." *Id.* at *1; *see also Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) (allowing discovery against a municipality because the QI defense "[was] not available" and the claims were "legally distinct" from the claims involving QI ); *Gilbert v. City of Dallas*, No. 3:99CV1463X, 2000 WL 748153, at *2 (N.D. Tex. June 8, 2000) (staying discovery for certain defendants pending QI resolution, but permitting discovery against non-QI asserting defendant).

The common thread through these cases is clear: the analysis turns on whether discovery against the non-QI defendant would unduly burden the QI-asserting defendants. Here, it would not. Plaintiffs' claims against Motorola require proof of a specific product defect, failure to warn, and causation—elements legally distinct from the excessive force and deliberate indifference claims against the law enforcement defendants. Indeed, all relevant evidence of alleged defects necessary for Plaintiffs' ***product liability claims*** against Motorola would be in Motorola's possession, not UCISD or Chief Arredondo, two of the QI-asserting defendants.[9] ***And other available witnesses—including more than 370 law enforcement officials who were on site—are not defendants and therefore have not asserted QI claims.*** The hard fact is that Plaintiffs have made no attempt to seek discovery from ***any*** party—Motorola, third parties, the radio system

---

[9] Even if police officers or other personnel are in possession of relevant evidence to the product liability claims, Plaintiffs have not explained why they have not gathered such evidence from any of the 376 officers on the scene of the Incident ***who are not parties to this action.***

operator, etc.  Their stay argument—in addition to being legally invalid—is just a smoke screen.

### III.   PLAINTIFFS' RULE 56(D) REQUEST SHOULD BE DENIED.

### A.   Plaintiffs Have Not Diligently Pursued Discovery.

Rule 56(d) relief is available only to parties who "diligently pursued discovery." *Spencer v. FEI, Inc.*, 725 F. App'x 263, 269 (5th Cir. 2018); *see also McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014).  Where diligence is lacking, the court "need not address whether [the movant] has shown why he needed additional discovery to create a genuine issue of material fact." *Spencer*, 725 F. App'x at 269.

Here, Plaintiffs' conduct has been anything but diligent.  In the two years since this case was filed, Plaintiffs have not (1) served a single discovery request on Motorola or any other party; (2) noticed or taken a single deposition; (3) designated any experts; (4) initiated a Rule 26(f) conference; (5) requested a scheduling order; or (6) filed any motion seeking leave to conduct discovery.[10]  While they now seek an indefinite extension to conduct the discovery they did not do for two years, their inaction dooms their Rule 56(d) request.

Plaintiffs' reliance on *Carswell* does little to excuse their inaction.  As demonstrated above, the Court never entered a stay in this case.  But even if it had, nothing in *Carswell* prevented Plaintiffs from serving written discovery directly on Motorola or seeking information from any third party (such as the radio system operator, law enforcement, etc.).  *See McKay*, 751 F.3d at 700 (noting that where plaintiff has other means of accessing relevant information, "it is of no moment that discovery was stayed at the time of summary judgment").  Conducting such routine discovery would not have required a QI-asserting defendant to "participate in the [discovery] process." *See Iqbal*, 556 U.S. at 685.  This is nothing more than an after-the-fact excuse for not conducting any

---

[10] Plaintiffs do not deny that they have not conducted **any** discovery and that they never reached out to Motorola to hold a Rule 26(f) conference.

discovery.

**B.    Plaintiffs Have Not Shown that Additional Discovery Will Create a Genuine Issue of Material Fact.**

Even if Plaintiffs had demonstrated diligence, their Rule 56(d) request fails because they have not "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). A Rule 56(d) movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (quoting *Raby*, 600 F.3d at 561).

Plaintiffs' Rule 56(d) declaration falls well short of this standard. It identifies broad categories of discovery—depositions of and discovery on law enforcement agencies and written discovery on Motorola—but fails to explain ***with specificity*** how any of this discovery would create a genuine dispute of material fact on the specific elements Plaintiffs must prove to survive summary judgment. For example, Plaintiffs do not identify what specific manufacturing defect they expect discovery to reveal, how it deviated from Motorola's design specifications, or why they believe Motorola's radio system was "defective when it left" Motorola's hands. *See Ledesma*, 242 S.W.3d at 42. Plaintiffs' declaration is precisely the type of "vague assertion that additional discovery will produce needed, but unspecified, facts" that the Fifth Circuit has held as insufficient. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366–67 (5th Cir. 2022). Plaintiffs' own filings further undermine their showing: Plaintiffs' counsel states that deposing Arredondo is critical to "establish defect, failure to warn, and causation" (ECF No. 52 at 12), yet Plaintiffs' own Exhibit E—the affidavit of William R. Turner—states that Arredondo

dropped his radio at the scene, making his testimony irrelevant to any claim that an alleged defect was the cause of any injuries. *See* ECF No. 52-7.

Finally, Plaintiffs have had ample time to develop their case. Summary judgment is proper after "adequate *time* for discovery," "a very different animal from 'adequate discovery.'" *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 138 n.21 (5th Cir. 1987). Where, as here, a plaintiff has had ample opportunity to develop its case yet failed to partake in any discovery, summary judgment is proper. *See Baker*, 430 F.3d at 755–56; *Proplant Inc.*, 25 F.4th at 366. Plaintiffs' failure to conduct discovery throughout the two years this case has been pending against Motorola does not now entitle them to an indefinite extension.

## IV.    CONCLUSION

For the foregoing reasons, Motorola requests that the Court grant summary judgment in Motorola's favor and dismiss all claims against Motorola with prejudice.[11]


*/s/ Peter D. Laun*

Peter D. Laun

---

[11] Motorola believes that oral argument would be helpful in this matter and respectfully requests that the Court set this matter for a hearing.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I caused the foregoing to be electronically filed with the Clerk of Court for the U.S. District Court, Western District of Texas, by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Jonathan M. Khouzam*
Jonathan M. Khouzam